*Craig E. Kauzlarich, Esquire*
*Attorney I.D. No.: 208858*
*2 West High Street*
*Carlisle, Pennsylvania 17013*
*(717) 249-0900*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | DOCKET NO. 1:24-CR-00211-TNM |
| *Plaintiff,* | : | |
| v. | : | (Judge McFadden) |
| | : | |
| TIMOTHY ROWBOTTOM | : | |
| *Defendant.* | : | |

## BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

**AND NOW**, comes the Defendant, Timothy Rowbottom, by and through his counsel, Craig E. Kauzlarich, Esquire, and submits the following Brief in Opposition to the Government's Motion for Protective Order (Doc. 14), respectfully requesting the Motion be denied.

### I.   STATEMENT OF THE CASE

Mr. Rowbottom is charged by Information filed May 1, 2024, with Count 1, Entering or Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1), Count 2, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2), Count 3, Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D), and Count 4, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C.

§ 5104(e)(2)(G).

On May 13, 2024, the Government filed Motion for Protective Order (Doc. 14), requesting the Court issue an order restricting the use of certain discovery materials, pursuant to Fed. R. Crim. P. 16(d)(1), on grounds that material relating to the events of January 6, 2021 may contain sensitive information. (Doc. 14 at 4). Mr. Rowbottom is opposed to this request.

At Status Conference of May 14, 2024, the Honorable Court granted 14 days for Undersigned Counsel to file written opposition to the Government's Motion, also granting the Government 7 days thereafter to respond. This brief is filed pursuant to that directive.

## II. ARGUMENT

a. The Government has not met its burden of showing that any particular discovery in this case is sensitive or properly subject to a protective order; Good Cause has not been shown to support issuance of a protective order.

It is the party moving for a protective order who bears the burden of showing its propriety under Fed. R. Crim. P. 16(d)(1), upon a 'good cause' standard. United States v. Cordova, 806 F.3d 1085, 1090 (D.C. Cir. 2015). This applies when the Government is the party moving for the protective order. United States v. Dixon, 355 F.Supp.3d 1, 4 (D.D.C. 2019). Good cause requires a "particularized, specific showing." United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass. 2012). The level of

2

particularity required depends on the nature and type of protective order at issue. *Id.* "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007); *see also*, United States v. Johnson, 314 F.Supp.3d 248, 251 (D.D.C. 2018).

In determining whether good cause exists, courts have considered whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm. See, e.g., United States v. Smith, 985 F.Supp.2d 506 (S.D.N.Y. 2013). "[A]mong the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, [and] the protection of information vital to national security[.]" Cordova at 1090.

A district court has "vast" discretion to "assure that a defendant's right to a fair trial [is] not overridden by the confidentiality and privacy interests of others." United States v. O'Keefe, 2007 WL 1239204 at *2 (D.D.C. 2007). While this Court undoubtedly has the authority and discretion to issue a protective order upon good

3

cause shown, the Government's Motion for Protective order says remarkably little about the instant case. It does not identify materials specific to this case for which good cause exists to restrict use nor how the various considerations related to protection of the integrity of the trial process or national security would be served by granting a protective order. Further, the Government does not articulate how service of such concerns would outweigh prejudice to the defendant's rights to a speedy and public trial. Materials implicating such concerns could easily be identified in motion by description without disclosing sensitive material, if any, which they contain. The Government lists classes of information which may contain sensitive information and properly be subject to a protective order (Doc. 14 at 4) but fails to state which, if any, category of information actually applies to this case. Good cause cannot be shown based on hypothetical or speculative concerns nor the fact that protective orders have routinely been issued in other January 6th cases. Rather, good cause must be shown with particularity regarding specific materials to be disclosed in this case and a particular interest to be protected by issuance of a protective order.

Much of the case law cited by the Government actually weighs against issuance of a protective order. For example, the Government cites United States v. Dixon, 355 F.Supp.3d 1 (D.D.C. 2019) for the proposition that a reviewing court should consider type of offense charged and a defendant's prior record when deciding the propriety of

4

a protective order, noting that a protective order is more appropriate for a defendant charged with violence than one charged with fraud, and more appropriate for a defendant with a lengthy criminal record than none at all. (Doc. 14 at 8). However, Mr. Rowbottom is not charged with fraud nor violence; his charges concern disorderly and disruptive conduct at a protected place and time. Further, any prior record by Mr. Rowbottom concerns only non-violent, non-fraudulent conduct. This factor therefore weighs against a finding of Good Cause.

      b. <u>In absence of the Government meeting its burden as moving party, the Defendant is not required to show prejudice from a protective order.</u>

Much of the case law concerning protective order issuance considers prejudice, if any, to the defendant from such an order. *See* <u>Smith</u>, *supra*. However, in absence of the Government articulating which discovery materials are sensitive and which interests, if any, would be served by a protective order, the question of prejudice should not be reached. The Government must first show the disclosure of required discovery materials would present a hazard to others, the integrity of the trial process, or national security. Without a particularize showing as to the instant case, the question of prejudice should not be reached.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth above, Mr. Rowbottom respectfully

5

requests the Honorable Court deny the Government's Motion for Protective Order (Doc. 14) and allow the discovery process to proceed in the normal course.

Respectfully submitted,

Date: MAY 28, 2024

**ABOM & KUTULAKIS, L.L.C.**
*Craig E. Kauzlarich, Esquire/s/*
Craig E. Kauzlarich, Esquire
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
PA Attorney I.D. # 208858

## CERTIFICATE OF SERVICE

I, Craig E. Kauzlarich, Esquire, hereby certify that on this 28th day of May, 2024, a true and correct copy of the foregoing Brief in Opposition to Government's Motion for Protective Order was served upon the party named below via electronic means addressed as follows:

patrick.holvey@usdoj.gov

<em>Craig E. Kauzlarich</em>  /s/<br>
Craig E. Kauzlarich, Esquire