UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 24-cr-211 TNM |
| | : | |
| **TIMOTHY ROWBOTTOM,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

1. The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, respectfully submits its reply in support of its motion for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. The government relies on the following points and authorities, and any other such points and authorities raised at a hearing on this matter.

2. Defendant is charged via Information with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. In brief, on that date, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election, members of a large crowd that had gathered outside forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. Scores of individuals entered the U.S. Capitol without authority to be there. As a result, the Joint Session and the entire official proceeding of the Congress was halted until the Capitol Police, the Metropolitan Police Department, and other law enforcement agencies from the city and

surrounding region were able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials. This event in its entirety is hereinafter referred to as the "Capitol Attack."

3. Because such a large number of people, including the Defendant, joined the mob involved in the Capitol Attack, the resulting criminal investigation (and related discovery) is simply huge. Hundreds of individuals have been charged. Hundreds more are being investigated. The investigation already involves thousands of hours of video, over a thousand electronic devices, thousands of reports, and the numbers just continue to grow as more suspects are identified and arrested. Moreover, there are specific and prominent security concerns at issue as well – namely ensuring the continued safety of those working in the Capitol while simultaneously prosecuting those who attacked them. Given this larger context and the need to provide discovery effectively and efficiently to the Defendant, the government has sought the proposed protective order.

4. Ultimately, in order to comply with its discovery and disclosure obligations, the Government intends to make voluminous materials available in all pending cases arising out of the events of January 6, 2021, including this one. These materials will include information such as tips, witness statements, and the results of searches performed upon other individuals' devices and accounts. Given the volume of material that is likely to be made accessible to the Defendant here, the proposed order ensures that this information, where appropriate, will be adequately protected.

5. The Defendant ignores this larger context and contends that the government has failed to show good cause for issuing the proposed protective order with an inappropriately myopic focus. Asserting that the Motion for a Protective Order "says remarkably little about the instant

case," Opp. at 4, confirms Defendant's improperly narrow view.[1] The Government noted in its Motion (ECF 14, hereinafter "Mot.") that vast trances of materials are intended to be (and will be) available to Defense Counsel upon entry of the protective order, and access to those materials is not possible without entry of the protective order.[2] Defendant is silent as to that issue.

      6.      Indeed, Defendant does not substantively dispute any of the facts supporting the use of a protective order in this matter. Defendant does not dispute that the investigation and prosecution of those implicated in the Capitol Attack will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. Defendant does not dispute the scope of the charges that are under investigation or the voluminous amounts of information and evidence relating to both charged and uncharged individuals which may be discoverable pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500. Nor does Defendant dispute the possibility that some of these evidentiary materials may contain sensitive information. (Examples of the types of information that the Government may designate Sensitive or Highly Sensitive are identified in paragraph one of the proposed order.) Finally,

---

[1] To be clear, however, materials specific to Defendant's investigation currently in the Government's possession will be designated as "Sensitive" or "Highly Sensitive" under the protective order once entered by this Court to facilitate their expeditious production to the Defense including, for example, CCTV footage of Defendant's movements to and inside the Capitol Building. Screenshots of some of these videos are present in the Complaint and completely ignored by Defendant's Opposition.

[2] The motion similarly identifies the sorts of information present in these materials that the protective order rightly protects. *See* Mot. at ¶ 4.

Defendant does not claim that any aspect of the proposed order would be particularly onerous or unworkable.

7. For these reasons and those stated in its Motion,[3] the government has demonstrated the "good cause" required for the Court to issue a protective order governing the production of discovery in this matter. *See United States v. O'Keefe*, No. 06-CR-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (describing the court's discretion as "vast"); *Cordova*, 806 F.3d at 1090 ("[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

8. For all of the foregoing reasons, the Government has demonstrated good cause for the Court to issue a protective order governing the production of discovery in this matter.

    Respectfully Submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:   /s/ Patrick Holvey
    PATRICK HOLVEY
    DC Bar No. 1047142
    Assistant United States Attorney
    United States Attorney's Office
    601 D Street N.W.
    Washington, D.C. 20530

---

[3] The Government inadvertently neglected to attach the affidavits referenced in the Motion, *see* Mot. at ¶ 4 (citing Attachment A, Declaration of Thomas A. DiBiase, General Counsel for the United States Capitol Police and referencing Architect of the Capitol repair estimates). Those affidavits are provided by attachment to this Reply.

Telephone: 202-252-7224
Patrick.Holvey@usdoj.gov