## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-cr-211 (TNM)** |
| | : | |
| **TIMOTHY ROWBOTTOM,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, pursuant to the Trial Procedures Order of May 14, 2024 (ECF 17) hereby the following trial brief.

### Charges and Elements

Timothy Rowbottom is charged in a four-count information alleging four misdemeanor offenses. The gravamen of the charges derives from Rowbottom's actions at the U.S. Capitol building and grounds on January 6, 2021. The parties agree to the elements as set forth below. *See* Ex. 1 (Jointly Proposed Legal Instructions).[1]

    I.      Count One: Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1).

        a.  First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

        b.  Second, the defendant did so knowingly.[2]

---

[1] The Parties agree to all elements and definitions as presented in the Jointly Proposed Legal Instructions, but the elements and selected definitions are represented in the Government's Trial Brief for reference and convenience of the Court.

[2] A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived. With respect to Counts One and Two, in order to establish that the defendant knowingly committed this offense, the government must prove that that the defendant knew he was in a "posted, cordoned off, or otherwise restricted area"; the government does not

II.    Count Two: Disorderly or Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2).

   a.  First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

   b.  Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

   c.  Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

III.    Count Three: Disorderly Conduct in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(D).

   a.  First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

   b.  Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

   c.  Third, the defendant acted willfully and knowingly.

IV.    Count Four: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G)

   a.  First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

   b.  Second, the defendant acted willfully and knowingly.

**Summary of the Government's Anticipated Evidence and Witness Testimony**

The government's evidence will show that on January 6, 2021—as a joint session of Congress convened to certify the Electoral College votes for the 2020 Presidential Election—Rowbottom and thousands of others descended on the U.S. Capitol, breached the restricted

---

need to prove that he knew the area was "a building or grounds where a person protected by the Secret Service is or will be temporarily visiting."

perimeter established around the building, and drove the Congressional proceedings to a halt after the building was forced into lockdown.

The government's evidence and anticipated witness testimony will show that Rowbottom entered the U.S. Capitol building through the Senate Wing Door at approximately 2:20 p.m., seven minutes after the building was breached for the first time that day, and that he then proceeded to spend approximately 42 minutes inside the Capitol building that day. This evidence will show Rowbottom joined the mob of rioters as it overran police throughout the building: in the Crypt at approximately 2:25 p.m., when rioters overran police defending further access to the building; near the House Chamber at 2:36 p.m., when rioters overran police defending access to House Chamber entryways; and in the House Chamber Vestibule shortly after, where Rowbottom witnessed and/or photographed officers as they were assaulted, sprayed with a fire extinguisher, and ejected from the area. The evidence will show that Rowbottom traveled throughout many locations within the Capitol building, exiting through the North Door at 3:02 p.m. and remaining on the Northwest Terrace.

The government presently intends to call the witnesses provided below, along with the testimony expected from each witness, in addition to a short summary of the expected evidence to be offered through each witness. The government has also attached its current exhibit list (Ex. 2) and stipulations to which the parties have tentatively agreed (Ex. 3).

**U.S. Secret Service ("USSS") Special Agent Elizabeth Glavey** is expected to testify for approximately 20 minutes regarding the establishment of the restricted perimeter around the U.S. Capitol building on January 6, 2021, the presence of former Vice President Mike Pence at the U.S. Capitol on January 6, 2021, and the lockdown, evacuation, and other security measures taken by USSS that day.

**U.S. Capitol Police ("USCP") Captain Rani E. Brooks** is expected to testify for underline(approximately one hour) regarding U.S. Capitol security measures on January 6, 2021, including its closure to the public, the authenticity of USCP closed-caption video ("CCV") evidence recorded on that day, the layout of the U.S. Capitol, and USCP's response to the riot at the Capitol on January 6.

**USCP Officer Sergei Vittone** is expected to testify for approximately one hour regarding his duties and their interruption on January 6, 2021 resulting from the riot, including his defense of the House Chamber, where he and fellow USCP officers were assaulted by rioters in the Connector Hallway and House Chamber Vestibule. Officer Vittone will testify to the authenticity of video footage recorded by third parties in this area of the Capitol building that day.

**Federal Bureau of Investigation ("FBI") Special Agent Geoffrey Ford** will testify for approximately 1.5 hours regarding the FBI's investigation of Rowbottom, which will include evidence relating to the identification of Rowbottom by the FBI; Rowbottom's travel to and presence in Washington, D.C. on January 6, 2021; and Rowbottom's entry into and actions within the restricted perimeter established around the Capitol and into the Capitol building itself. Special Agent Ford will testify about statements made by Rowbottom to FBI regarding his conduct on January 6, 2021 and will identify Rowbottom in CCV, third-party, and police body-worn camera ("BWC") video footage recorded at the U.S. Capitol on January 6, 2021.

At the conclusion of the government's evidence, the government will have proven beyond a reasonable doubt that Rowbottom is guilty of the counts as charged as he, in summary, knew he was in a restricted area due to at least the nature of his entry into the U.S. Capitol and the various police cordons that he saw and was a part of overcoming during his time in the Capitol, yet entered and remained in that area; that he did so willfully to join the crowd in parading, demonstrating,

and picketing throughout the Capitol building; and that Rowbottom knowingly engaged in this disorderly and disruptive conduct that impeded and disrupted government business and official functions.

### Outstanding or Anticipated Disputes and Legal Issues

Pending before the Court are the government's motions *in limine* (ECF Nos. 28, 29, 30) to which the defendant filed its response not opposing the government's requested relief (ECF Nos. 33, 34, 35). Also pending is the defendant's motion to suppress (ECF Nos. 26, 27), to which the government filed a response in opposition (ECF No. 32). The government will be prepared to offer additional argument and evidence as needed regarding these outstanding motions at the pretrial conference scheduled for Nov. 18, 2024.

Finally, because the government has identified several past convictions in which Rowbottom was sentenced to periods of incarceration, if the Court finds the defendant guilty of any or all counts charged against him, the government intends to request time for the Court, parties, and U.S. Probation Office to obtain and assess the defendant's criminal history records prior to sentencing. This is particularly important in fashioning an appropriate sentence if the defendant is found guilty of either or both of the Class A (Counts One and Two), as the government has identified past convictions that may affect the range of incarceration recommended under the U.S. Sentencing Guidelines.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  */s/ Patrick Holvey*
PATRICK HOLVEY
JOSEPH HUTTON MARSHALL
Assistant United States Attorneys
United States Attorney's Office
601 D Street N.W.
DC Bar No. 1047142
Washington, D.C. 20530
Telephone: 202-252-7224
Patrick.Holvey@usdoj.gov

*Attorneys for the United States*